U.S. Marshal — Travel Expenses — State Costs The money paid to a U.S. Marshal for mileage and per diem in transporting a federal prisoner from a federal penitentiary out of the State to the State District Court for trial may be legally paid from the general fund of the county obtaining such prisoner, under the provisions of 19 O.S. 541 [19-541] (1961). The Attorney General has had under consideration your letter of May 8, 1969, wherein you state: "Under date of October 9, 1963, the United States Department of Justice, Bureau of Prisons, issued its rescript entitled: 'Conditions Governing the Production of a United States Prisoner upon a Writ of Habeas Corpus issuing out of a State Court.' and therein stated: a. The State or requesting party shall make arrangements for payment to the US. Marshal of a sufficient sum of money to defray the expenses of travel from the place in which the prisoner is confined to the place of trial. "Under date of March 14, 1969, the Attorney General of Oklahoma addressed a letter to all District Attorneys relative to securing custody of federal prisoners for state trial, and stated: 'The State will be expected to reimburse the US. Marshal for his mileage in transporting the prisoner from the nearest federal penal institution to the location of the trial and returning him to this same institution.' "Under date of April 7, 1969, Mr. Eugene N. Barkin, Legal Counsel of the Department of Justice, Bureau of Prisons addressed a letter to the Attorney General of Oklahoma, which Letter stated in part: 'The financial arrangements with the US. Marshals are a matter to be decided between the demanding authorities and the Marshal. If considerable distance is involved, per diem expenses may be included as part of the costs.' " You then ask: "From what fund may money be legally paid to a U.S. Marshal for mileage and per diem in transporting a federal prisoner from a federal penitentiary out of the State to the State District Court for trial?" You correctly note the applicability of 19 O.S. 541 [19-541] (1961), to your question. Title 19 O.S. 541 [19-541] (1961), provides in relevant part: ". . . Such sheriff or deputy in lieu of his actual and necessary expenses incurred on official business in his county, shall be paid by the county, in addition to his salary, seven and one-half cents (7 1/2 c) per mile for each mile actually and necessarily traveled in his county in serving or endeavoring to serve any writ, warrant, order, process or command, and in pursuing any fugitive from justice, which shall include transportation of prisoners in his county; . . . Such expenses shall be paid out of the general fund of the county. In serving or endeavoring to serve criminal process, if it is necessary to go outside of the county, the sheriff or his deputy sheriff shall be entitled to charge and collect actual and necessary traveling expenses for himself and prisoner, if any, but, in all such cases, before the sheriff or his deputy is authorized to go outside of his county, he shall be ordered so to do by the county attorney." (Emphasis added) Since it has become mandatory that a U.S. Marshal accompany a federal prisoner, at state expense, from the nearest federal penal institution to the location of a state trial for the purpose of granting a speedy trial, such expense would clearly be an actual and necessary traveling expense as provided for in Section 541. It is therefore the opinion of the Attorney General that the money paid to a U.S. Marshal for mileage and per diem in transporting a federal prisoner from a federal penitentiary out of the State to the State District Court for trial may be legally paid from the general fund of the county obtaining such prisoner, under the provisions of 19 O.S. 541 [19-541] (1961). (Dale F. Crowder) ** SEE: OVERRULED BY: 69-245 (1969) ** ** SEE: OPINION NO. 69-245 (1969) — THIS OPINION WITHDRAWN **